UNITED STATES DISTRICT COURT
Southern District of Texas

| | |
|---|---|
| RAYMI CHATMAN., Plaintiff, <br><br> V.S. <br><br> CAINE & WEINER COMPANY, INC., Defendant. | Case No: <br> COMPLAINT <br> Jury Trial: ☒ Yes  ☐ No |

## INTRODUCTION

1. This is a civil action for actual, punitive, statutory damages and cost brought by RAYMI CHATMAN hereinafter, ("Plaintiff") an individual consumer, against defendants, CAINE & WEINER COMPANY, INC, hereinafter ("Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA").

## BASIS OF JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C § 1681(p), and 28 U. S. C § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff claim occurred in this judicial district. Defendants transact business in Dallas, TX.

3. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

4. Plaintiff, RAYMI CHATMAN is a natural person and consumer as defined by 15 U.S.C. § 1681a(c), residing in HOUSTON,TX.

5. Upon information and belief, CAINE & WEINER COMPANY, INC., is a CALIFORNIA corporation. CAINE & WEINER COMPANY, INC., accepts service of process through its registered agent, C T Corporation, 1999 Bryan St., STE 900, Dallas, TX 75201.

6. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendants" in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

### *Existence of a Consumer Report*

7. On or about November 29, 2023, a consumer report pertaining to Plaintiff was generated and maintained by Experian, a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

### *Defendant's Access to the Consumer Report*

8. In the report the Plaintiff observed an unauthorized inquiry from Defendant.

9. Defendant CAINE & WEINER COMPANY, INC accessed Plaintiff's consumer report from Experian, on September 7, 2023. See Exhibit A.

### *Lack of Permissible Statutory Purpose*

10. Defendant CAINE & WEINER COMPANY, INC accessed Plaintiff's consumer report without a permissible purpose, as required by 15 U.S.C. § 1681b(f).

11. Discovery will show the plaintiff had no existing business relationship, contractual obligation, or any other transaction with Defendant CAINE & WEINER COMPANY, INC., that would allow for such an inquiry under 15 U.S.C. § 1681b(a)(3)(A) or any other provision.

12. Discovery will show that defendant CAINE & WEINER COMPANY, INC., was neither retained by a creditor with whom Plaintiff had initiated a transaction nor involved in any collection activities pertaining to a debt initiated by Plaintiff, thus failing to establish a permissible purpose for accessing Plaintiff's consumer report.

13. Discovery will show Plaintiff never initiated a consumer credit transaction with Defendants nor had an account with the defendants.

14. Discovery will show Plaintiff never gave any consent to Defendants to access their consumer report.

## Requisite Mental State (Willfulness)

15. Defendant CAINE & WEINER COMPANY, INC., was aware or should have been aware of their obligations under the FCRA to access consumer reports only for permissible purposes.

16. Discovery will show despite this knowledge, Defendant CAINE & WEINER COMPANY INC., intentionally or recklessly disregarded their obligations under the FCRA and did not verify a purported debt or take other actions that would constitute a permissible purpose for accessing Plaintiff's consumer report.

17. Discovery will show Defendant CAINE & WEINER COMPANY, INC., violation was not isolated but part of a pattern or practice, as evidenced by multiple consumer complaints lodged against the company for similar unauthorized access to consumer reports further demonstrating willfulness.

## Damages

18. Plaintiff's injury is "*particularized*" and "*actual*" in that the conduct that deprived Plaintiff of their rights was directed by Defendants to Plaintiff specifically.

19. Plaintiff's injury is "*particularized*" and "*actual*" in that the Plaintiff has suffered emotional distress from the Defendants unauthorized access of their credit report.

20. Plaintiff's injury is "*particularized*" and "*actual*" in that the Plaintiff has suffered an invasion of their privacy. This intrusion into the Plaintiffs personal information has caused a feeling of vulnerability, worry and anxiety which lead to sleeplessness and headaches.

21. Plaintiff's injury is "*particularized*" and "*actual*" in that the Plaintiff has suffered fear and anger over the invasion of their privacy.

22. Plaintiff's injury is "*particularized*" and "*actual*" in that the Plaintiff has suffered loss of time into research and learning to defend against the defendant's invasion of privacy.

23. Plaintiff's injury is directly traceable to defendant's conduct because if it weren't for the defendant's conduct, Plaintiff would not have been deprived of their rights and would not have been subject to the emotional distress, anxiety, worry and invasion of privacy caused by the defendant's actions.

24. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

25. A favorable decision herein would redress Plaintiff's injury with money damages.

26. A favorable decision herein would serve to deter Defendants from further similar conduct.

## COUNT 1 VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C § 1681b(f) DEFENDANT CAINE & WEINER COMPANY, INC.,

27. All preceding paragraphs are realleged.

28. On or about November 29, 2023, a consumer report pertaining to Plaintiff was generated and maintained by a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

29. Defendant CAINE & WEINER COMPANY, INC., accessed Plaintiff's consumer report on or about September 7, 2023.

30. Defendant CAINE & WEINER COMPANY, INC., accessed Plaintiff's consumer report without a permissible purpose as required by 15 U.S.C. § 1681b(f).

31. Plaintiff had no existing business relationship, contractual obligation, or any other transaction with CAINE & WEINER COMPANY, INC., that would allow for such an inquiry under 15 U.S.C. § 1681b(a)(3)(A) or any other provision.

32. Defendant CAINE & WEINER COMPANY, INC., was neither retained by a creditor with whom Plaintiff had initiated a transaction nor involved in any collection activities pertaining to a debt initiated by Plaintiff, thereby failing to establish a permissible purpose for accessing Plaintiff's consumer report.

33. Defendant CAINE & WEINER COMPANY, INC., was aware or should have been aware of their obligations under the FCRA to access consumer reports only for permissible purposes.

34. Despite this knowledge, Defendant CAINE & WEINER COMPANY, INC., intentionally or recklessly disregarded their obligations under the FCRA and did not verify the purported debt or take other actions that would constitute a permissible purpose for accessing Plaintiff's consumer report.

35. Defendant CAINE & WEINER COMPANY, INC., actions were not isolated but part of a pattern or practice, further demonstrating willfulness.

36. As a direct result of Defendant CAINE & WEINER COMPANY, INC., violation of 15 U.S.C § 1681b(f), Plaintiff has suffered actual damages, is entitled to statutory damages, and punitive damages, as provided by 15 U.S.C § 1681n(a) and 1681o.

## COUNT II: INVASION OF PRIVACY (INTRUSION ON SECLUSION) DEFENDANT CAINE & WEINER COMPANY, INC

37. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, CAINE & WEINER COMPANY, INC is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion). CAINE & WEINER COMPANY, INC intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

38. CAINE & WEINER COMPANY, INC., invaded the privacy of the Plaintiff when they willfully accessed the Plaintiffs consumer report without a permissible purpose on September 7, 2023 via Experian report retrieval.

39. Plaintiff suffered actual damages of invasion of privacy as a result of CAINE & WEINER COMPANY, INC intrusion.

## JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff, Raymi Chatman, respectfully demands a jury trial and request that judgment be entered in favor or the Plaintiff against the Defendants for:

- Actual damages, statutory damages, and potentially punitive damages for violations of 15 U.S.C § 1681b(f), as provided by 15 U.S.C §1681n(a) and 1681o.
- Actual damages for Invasion of Privacy (Intrusion on Seclusion)

Date: January 8, 2023

*[signature]*

Raymi Chatman

6140 Highway 6 S. #1214

Missouri City, TX 77459

RChatmannn@gmail.com